THE UNITED STATE DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No 4:11-CV-00176-BO

MARK HENDRIKS, Individually And On Behalf Of All Others Similarly Situated,

    Plaintiff,

v.

PHARMACEUTICAL PRODUCT DEVELOPMENT, INC., et al.,

    Defendants.

**DEFENDANTS' MOTION REQUESTING RECONSIDERATION OF ORDER EXPEDITING DISCOVERY AND SETTING PRELIMINARY INJUNCTION HEARING**

All defendants, pursuant to Rule 7(b) of the Federal Rules of Civil Procedure, respectfully move the Court to reconsider the Order entered earlier today granting Plaintiff's motion for expedited discovery and setting a preliminary injunction hearing for November 15th. Defendants make this request because Plaintiff, in seeking expedited discovery and a hearing on the preliminary injunction motion, did not inform the Court of the following material considerations, all of which weigh heavily in favor of reconsideration of the Order:

    1.    <u>Five Virtually Identical Actions Are Pending In State Court</u>.

All of the issues raised by Plaintiff in this action were already before the North Carolina state courts *before* Plaintiff filed this action. The issues are presented in each of the following five pending cases, two of which were filed *before* this action:

- *Coyne v. Pharmaceutical Product Development, Inc.*, No. 11-CvS-4186 (New Hanover) (filed Oct. 5, 2011)
- *The Edward J. Goodman Life Income Trust v. Eshelman*, No. 11-CvS-4252 (New Hanover) (filed Oct. 10, 2011)
- *York County Employees Retirement Board v. Pharmaceutical Product Development, Inc.*, No. 11-CvS-4333 (New Hanover) (filed Oct. 17, 2011)
- *Litwin v. Eshelman*, No. 11-CvS-4333 (New Hanover) (filed Oct. 17, 2011)

- *Neiditch v. Pharmaceutical Product Development, Inc.,* No. 11-CvS-4334 (New Hanover) (filed Oct. 17, 2011)

Each of these cases has been designated to the North Carolina Business Court and will be handled (collectively) by the Honorable James L. Gale. Defendants have requested that Judge Gale set a conference to coordinate these five pending actions to allow for an efficient approach to any discovery and motion practice.

2. <u>Plaintiff Did Not Inform The Court That Defendants Were Opposed To Expedited Discovery.</u>

This afternoon, Defendants filed pleadings opposing Plaintiff's motion to expedite on multiple grounds, and seeking a stay of this action, in deference to the state actions. Plaintiff knew before he filed his motion that the defendants planned to oppose expedited proceedings and intended to seek a stay. Plaintiff did not inform the Court of the defendants' opposition or of the forthcoming motion for a stay, however. Indeed, Plaintiff filed the motion to expedite before even serving some of the defendants in this action. Plaintiff should have informed the Court that Defendants had indicated an intention to oppose the motion so to allow the Court an opportunity to consider the defendants' arguments before deciding Plaintiff's motion.

3. <u>The PSLRA Contains An Automatic And Mandatory Discovery Stay.</u>

Discovery in this case is automatically stayed pursuant to the Private Securities Litigation Reform Act of 1995, Pub. L. 104-67, 109 Stat. 737 ("PSLRA") for the reasons set forth in the briefs filed by Defendants this afternoon. Plaintiff did not properly inform the Court of the automatic stay imposed by the PSLRA, devoting only a couple sentences in a single footnote to suggest why the Court should reject the Congressional mandate.

In conclusion, Defendants respectfully request that the Court vacate its Order, reconsider Plaintiff's motion in light of the arguments submitted in opposition, and consider Defendants'

motion to stay proceedings (after allowing Plaintiff an opportunity to respond thereto). *See Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 12 (1983) (stating "every order short of a final decree is subject to reopening at the discretion of the district judge"); *DIRECTV, INC. v. Hart*, 366 F. Supp. 2d 315, 317 (E.D.N.C. 2004) (discussing a federal district court's ability to rule on motions to reconsider generally).

Respectfully submitted,

Dated: October 21, 2011

Of Counsel:
SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP
Edward P. Welch
Edward B. Micheletti
Michelle L. Davis
One Rodney Square
P.O. Box 636
Wilmington, Delaware 19899-0636
Phone: (302) 651-3000
Fax: (302) 651-3001

WYRICK ROBBINS YATES & PONTON LLP

/s/ Lee M. Whitman
Lee M. Whitman, State Bar No. 20193
Sarah M. Johnson, State Bar No. 32752
Post Office Drawer 17803
Raleigh, North Carolina 27619
Phone: (919) 781-4000
Fax:   (919) 781-4865
lwhitman@wyrick.com
sjohnson@wyrick.com

*Attorneys for Defendants Pharmaceutical Product Development, Inc., Frederic N. Eshelman, Raymond H. Hill, Stuart Bondurant, Vaughn D. Bryson, Frederick Frank, Robert A. Ingram, Terry Magnuson, Ernest Mario and Ralph Snyderman*

ROBINSON, BRADSHAW & HINSON, P.A.

/s/ Robert W. Fuller
Robert W. Fuller
N.C. Bar No. 10887
rfuller@rbh.com

101 North Tryon Street, Suite 1900
Charlotte, North Carolina 28246
Telephone:   (704) 377-2536
Facsimile:   (704) 378-4000

*Attorneys for Jaguar Holdings, LLC, The Carlyle Group, Hellman & Friedman LLC, and Jaguar Merger Sub, Inc.*

3

Case 4:11-cv-00176-BO Document 48 Filed 10/21/11 Page 3 of 4

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing pleading was filed with the Clerk of the United States District Court for the Eastern District of North Carolina using the CM/ECF system which will send notification of this filing and an electronic copy of same to the following (all counsel of record in the CM/ECF system):

>William E. Moore, Jr.
>bmoore@gastonlegal.com
>Gray, Layton, Kersh, Solomon, Furr & Smith, P.A.
>P.O. Box 2636
>516 South New Hope Road
>Gastonia, NC 28053-2636
>***Counsel for Plaintiff***

Dated: October 21, 2011

>/s/ Lee M. Whitman
>Lee M. Whitman, NC State Bar No. 20193
>WYRICK ROBBINS YATES
>& PONTON LLP
>Post Office Drawer 17803
>Raleigh, North Carolina 27619
>Phone: (919) 781-4000
>Fax: (919) 781-4865
>lwhitman@wyrick.com
>
>*Attorneys for Defendants Pharmaceutical Product Development, Inc., Frederic N. Eshelman, Raymond H. Hill, Stuart Bondurant, Vaughn D. Bryson, Frederick Frank, Robert A. Ingram, Terry Magnuson, Ernest Mario, and Ralph Snyderman..*